RESPUBLICA *against* CAERNARVON TOWNSHIP, in Berks county.

A pauper gains a settlement by contracting for a town lot, under a yearly rent charge, building thereon and residence, though he obtains no deed for it.

CATHARINE M‘DONALD, the wife of William M‘Donald, was removed by the order of two justices of the county Berks, from the borough of Reading, to the township of Caernarvon, in the said county, as the place of her last legal settlement. From this order, Caernarvon appealed to the court of Quarter Sessions, and the appeal being heard on the merits at April sessions 1793, the following facts were in proof to the court, who stated a special case.

That the said Catherine was married 23 years before to the said William, and ever since their marriage, they had been moving from place to place, without acquiring any settlement, unless at Morgan's town, in the said township of Caernarvon. Upon their moving into the said town, the said William M‘Donald bought two lots there, upon

one of which he built a house or cabin, and resided two years therein. The other lot he gave up because he did not choose to build, or make any improvement upon it.

The lot thus bought by the said William in Morgan's town, he purchased on the same terms as others did viz., on a ground rent of one dollar per annum. Neither at the time of the purchase, nor ever, did the said William get a deed for the lot on which he built and resided as aforesaid, because no deeds were at the time of the said purchase given to any one in Morgan's town, though afterwards deeds were given.

Joseph Jenkins, the son-in-law of Morgan, the owner of the town, under the authority and by direction of his father-in-law, sold lots in the said town; and from the said Joseph acting in this capacity, the said William purchased the two lots above mentioned, on one of which he built and resided as aforesaid.

Before the said William and Catharine removed from Morgan's town, to Conestogoe, they sold the said house and lot to one William Robb, clear of all demands; and in the price stipulated, they made him an adequate allowance for the expense of taking out the deed, and completing the title.

The said William and Catharine could not agree together and therefore parted. He is still alive, but has not gained a settlement since their separation.

The court confirmed the order of removal in August sessions 1793.

And now Mr. W. M. Smith, on behalf of the overseers of the borough of Reading, read the case, and submitted it to the decision of the court.

Mr. T. Ross, for the township of Caernarvon, barely stated two exceptions:—1st, That the said William M'Donald never obtained a title for the lot on which he built. 2d, That it was chargeable with a ground rent. But he cited no authorities.

By the Court. There can be no doubt of the said William M'Donald's obtaining a settlement in Caernarvon. This case is much stronger than that of Archbrittle and Wyley. 1 Stra. 608. 2 Sess. Cas. 115. Here M'Donald came into possession of the lot, by an agreement duly made with a person having due authority for that purpose from the owner of the lot, and could have enforced the specific execution of the contract in a court of equity. He built and resided on the lot. He was irremoveable from this estate, and consequently gained a

settlement, and his wife also in his right. Vid. 1 Sess. Ca. 200. 2 Stra. 983. Foley 257.

The second exception will admit of no dispute. Much valuable property is held in the city of Philadelphia under a yearly rent charge, and this is the case in general in most of the county towns in the state. It would be strange doctrine to assert, that the proprietors of property thus chargeable, did not gain a settlement thereby.

Order of sessions affirmed.

### Road from Strasburgh in Franklin county, to Black's Gap.

A review of a road is a matter of right; but a re-review is merely in the discretion of the sessions.

It appeared by the record, that viewers had been appointed to lay out the road, applied for by petition November sessions 1792, in Franklin County. The order having been continued, the report of the viewers was made to September sessions 1793, and on a petition for a review, the sessions appointed reviewers. In February sessions 1794, two petitions were filed, praying a confirmation of the road laid out by the viewers. In May sessions following, the report of the reviewers was filed, agreeing with the return made by the reviewers, except on two courses, where the distances were inconsiderable. A petition was preferred to the same sessions, praying a re-review, which the court rejected, and confirmed the return of the review.

Mr. Ingersoll contended, that the re-review was a matter of right, and the not granting it was error, on the face of the proceedings.

Mr. Lewis *contra*, was stopped by the court, who obsevered, that ever since the decision on Ring's road in Chester county, (Dall. 11,) a review alone was deemed a matter of right. There was strong reason for the determination, because it is well known, that in most instances formerly, the viewers of a road were generally nominated by the appliers for it; and it would be unreasonable that a township should be concluded by their return. On the appointment of reviewers, the sessions usually allow the parties the liberty of objecting to the persons nominated, and it becomes a species of special jury. The reviewers proceed in the presence of the parties interested, and hear every thing for and against the road. Hence the report of the reviewers has always more weight with the court than the first return. It is in the discretion of the court, whether they will grant a second review or not. Why should they grant it, if their judgments are satisfied of the utility and necessity of a road laid out by the reviewers? Or why, if they are

bound to grant a second review, should they not go on to a third, fourth, &c. ? The appointment of re-reviewers may be generally practiced, where the court think they stand in need of further information respecting the road, but it certainly cannot be a matter of right.

Order of sessions affirmed.